

# THE ATTORNEY GENERAL
# OF TEXAS

### AUSTIN 11, TEXAS

**WILL WILSON**
**ATTORNEY GENERAL**

November 18, 1959

Mr. D. C. Greer
State Highway Engineer
Austin, Texas

Dear Mr. Greer:

Opinion No. WW-735

Re: The extent of the restrictions to be applied because of the words "District Office buildings" in the rider to the Current General Appropriation Bill (H.B. 4, Acts 56th Leg., 3rd Called Session, 1959, Chapter 23, pages 442, 591).

In your request for an opinion you state as follows:

"One of the riders in the State Highway Department's section of the current General Appropriation Bill states as follows:

"'None of the funds appropriated to the State Highway Department may be expended for the construction of any District Office building at a cost exceeding Sixteen Dollars ($16) per square foot in construction costs including engineering and architectural fees.'

"In carrying out the duties and responsibilities of the State Highway Department under law to construct and maintain a State Highway System, it is necessary that several different kinds of buildings be constructed and utilized. The Department maintains District Headquarters at 25 locations in the State. At each of these locations, it has proved advisable to construct warehouse buildings, shop buildings, equipment storage buildings, laboratory buildings, and service station buildings, in addition to an office building which provides space necessary

to carry on the major portion of the office work required to be done by each District. It has proved necessary and advisable for the Department to construct certain buildings at local Headquarters within each District. These buildings usually provide warehouse facilities, storage for highway equipment, servicing for highway equipment, and some office space for the supervisory personnel. At some of these locations, buildings are constructed to provide office and working space for Resident Engineers and buildings for laboratory work. Other miscellaneous buildings are constructed from time to time to meet the needs of the Department in carrying our its assigned responsibilities. Some of these buildings, by their very nature, are cheaper to construct that an office building would be, while others require a specialized type of design and construction which make them more expensive to build. Examples of the latter are our laboratory buildings, two of which are presently in the planning stage.

" . . .

"We feel that the specific wording of the provision restricts its application to the District Office buildings and that it would not apply to the other specialized structures we construct. We have discussed this matter with members of the Comptroller's staff and they are inclined to agree, but feel that they cannot pay for a building costing more than $16 per square foot until the provision has been so interpreted by your Department. . . ."

In 39 Texas Jurisprudence 197, Statutes, Section 105, we find the following rule stated:

"One of the primary and settled rules of construction is that words in common use, when contained in a statute, will be read according to their natural, ordinary and popular meaning."

This rule was followed by the Supreme Court of Texas in Texas Bank & Trust Co. v. Austin, 115 Tex. 201, 280 S.W.

161.  We believe that the natural, ordinary and popular meaning of the words "office building" is a building of offices or rooms in which administration is conducted and office work is done.  It follows, then, that district office buildings would be those buildings at the District Headquarters of the Texas Highway Department in which the major portion of the office work is done.

It is our opinion that the statutory language quoted in your letter was not intended to apply to warehouse buildings, shop buildings, equipment storage buildings, laboratory buildings and service station buildings, but that it does apply to all district office buildings which provide space necessary to carry on the major portion of the office work required to be done by such District.

## SUMMARY

The words "District Office building" in the rider to the current General Appropriation Bill (House Bill 4, Acts of the 56th Legislature, Third Called Session, 1959, Chapter 23, pages 442, 591), do not apply to warehouse buildings, shop buildings, equipment storage buildings, laboratory buildings, and service station buildings, but they do apply to all district office buildings.

Yours very truly,

WILL WILSON
Attorney General of Texas

By Jay Howell
Jay Howell
Assistant

JH:mfh

APPROVED:

OPINION COMMITTEE
J. C. Davis, Jr. Chairman

Raymond V. Loftin

Grundy Williams

REVIEWED FOR THE ATTORNEY GENERAL
BY:  Leonard Passmore